# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **PEARL JOHNSON**, on behalf of himself and others similarly situated, | : |
| Plaintiff, | : |
| v. | : CASE NO. 2:22-cv-3368 |
| | : JUDGE |
| **DC SITE SERVICES LLC**, 485 Metro Place, Ste. 350 Dublin, Ohio 43017, | : MAGISTRATE JUDGE |
| | : **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| -and- | : |
| **KEVIN GEARHART**, 485 Metro Place, Ste. 350 Dublin, Ohio 43017, | : **JURY DEMAND ENDORSED HEREON** |
| Defendants. | : |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Named Plaintiff Pearl Johnson ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective and Class Action Complaint against Defendants DC Site Services LLC ("Defendant DCSS") and Kevin Gearhart ("Defendant Gearhart") (collectively "Defendants") for their failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The Ohio Acts claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief

as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, and Defendants' principal place of business is located in the Southern District of Ohio at 485 Metro Place, Ste. 350, Dublin, Ohio 43017.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff was employed by Defendants beginning in or around April of 2021 until February of 2022.

6. Named Plaintiff was employed as an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts. Specifically, Named Plaintiff was employed by Defendants as an hourly dirt foreman. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

7. During Named Plaintiff's employment with Defendants, Defendants did not include all additional remuneration, such as non-discretionary bonuses and/or non-discretionary incentive pay, in Named Plaintiff's regular rate of pay for purposes of calculating overtime. As a result, Named Plaintiff was not fully and properly paid overtime wages in violation of the FLSA and the Ohio Acts.

8. Further, Defendants failed to account for and pay Named Plaintiff for all hours worked each workweek, which resulted in additional unpaid overtime wages. Defendants were aware and/or should have reasonably been aware that Named Plaintiff regularly continued working after normal business hours and on the weekends while "off the clock." Defendants thus failed to compensate Named Plaintiff for all such hours worked.

9. Likewise, Defendants applied the aforementioned pay practices and/or policies to other similarly situated employees. These similarly situated employees worked forty (40) or more hours in given workweeks, and these practices and/or policies resulted in these similarly situated employees not being fully and properly paid overtime wages and the minimum wage in violation of the FLSA and the Ohio Acts.

10. Named Plaintiff brings this action on behalf of himself and those similarly situated employees and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

**B.     Defendants**

11. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and O.R.C. Chapter 4111.

12. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

14. During all relevant times, Defendants jointly suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay.

15. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

### Defendant DC Site Services LLC

16. Defendant DCSS is a domestic limited liability company that operates and conducts substantial business activities throughout Ohio, including in the Southern District of Ohio.

17. Defendant DCSS is an excavation company based in Dublin, Ohio.

### Defendant Kevin Gearhart

18. Upon information and belief, Defendant Gearhart is an individual, a United States Citizen, and a resident of the State of Ohio.

19. Upon information and belief, Defendant DCSS is owned and operated by Defendant Gearhart.

20. Defendant DCSS and Defendant Gearhart jointly have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single

employer" because they are part of a single integrate enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

21. Because the work performed by Named Plaintiff and all other hourly employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

22. Defendants have substantial control over Named Plaintiff's and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

23. Defendants directly or indirectly control the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

24. Defendants maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including but not limited to hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

25. Defendants are an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

26. At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

#### A. Regular Rate

27. Named Plaintiff and Defendants' other hourly employees are non-exempt employees who are entitled to overtime.

28. Defendants paid Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

29. In addition to the Base Hourly Wage, Defendants pay their hourly employees with additional forms of remuneration that should be included in the calculation of employees' regular rate of pay for overtime compensation. These additional forms of remuneration include, but are not necessarily limited to, nondiscretionary bonuses and/or non-discretionary incentive pay (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c).

30. By way of example, Named Plaintiff received remuneration of $110 per each weekly pay period in addition to payment of his Base Hourly Wage for his recorded hours worked that period. When Named Plaintiff began his employment with Defendants, this Additional Remuneration was described as an additional "incentive" payment Defendants would make to Named Plaintiff because Defendants did not provide other employee benefits.

31. During the last three (3) years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration, such as that which is described above, in various workweeks when they worked in excess of forty (40) hours.

32. When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rates of pay for purposes of overtime pay because Defendants did not include Additional Remuneration in the regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the requirements of the FLSA.

### B. <u>Off-the-Clock Work</u>

33. Named Plaintiff and other similarly situated employees also regularly performed off-the-clock work after normal business hours and/or on the weekends and were not paid for such hours worked.

34. By way of example, Defendant Gearhart frequently spoke by telephone and/or otherwise communicated with Named Plaintiff regarding work matters after normal business hours and on weekends when Defendant Gearhart knew that Named Plaintiff was off the clock.

35. Upon information and belief, Named Plaintiff states that Defendants' policy and/or practice of failing to ensure all hourly, non-exempt employees' hours worked are accurately tracked and paid applied to all similarly situated employees.

36. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

37. During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

38. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to maintain such documents and information.

39. For the (3) three years preceding the filing of the Complaint, Defendants applied the same pay policies and practices to all hourly, non-exempt employees, including Named Plaintiff.

40. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

41. Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rate of pay, as that phrase is defined under the FLSA, but Defendants willfully elected not to fully compensate their employees during all times relevant.

42. Further, Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees regularly performed off-the-clock work after normal business hours and/or on the weekends and were not paid for such hours worked.

### C. Unpaid Vacation Pay – Named Plaintiff

43. When Named Plaintiff's employment with Defendants ended in or around February of 2022, Named Plaintiff had accrued unused vacation or paid-time-off ("PTO").

44. Defendants' handbook provides that employees will be paid for unused PTO upon termination of employment.

45. Defendants failed and refused to pay Named Plaintiff his accrued but unused PTO upon termination of his employment.

### IV. FLSA COLLECTIVE ALLEGATIONS

### A. Overtime Collective

46. Named Plaintiff brings his FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> **All current and former hourly employees who: (1) received additional renumeration; or (2) performed off-the-clock work in workweeks that they worked more than forty (40) hours during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or "FLSA Collective Members").**

47. Named Plaintiff and the putative FLSA Collective Members were all subject to the same policies or practices described above, which resulted in unpaid overtime.

48. During the last three (3) years, Defendants have not fully and properly paid Named Plaintiff and Defendants' other hourly employees at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek as a result of Defendants' (1) failure to include all renumeration in calculating hourly employees' regular rates of pay; and/or (2) failure to accurately track and compensate their hourly employees for all hours worked each workweek resulting in unpaid off-the-clock time worked.

## V. RULE 23 CLASS ALLEGATIONS

49. Named Plaintiff brings his Ohio Acts claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former Ohio hourly employees who: (1) received additional renumeration; or (2) performed off-the-clock work, in workweeks that they worked more than forty (40) hours during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

50. The Ohio Rule 23 Class includes all current or former hourly, non-exempt employees employed by Defendants throughout the State of Ohio as defined above.

51. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

52. Named Plaintiff is a member of the Ohio Rule 23 Class, and his claims for unpaid overtime are typical of the claims of other members of the Ohio Rule 23 Class.

53. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

54. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

55. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

56. Questions of law and fact are common to the Ohio Rule 23 Class.

57. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

58. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

59. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

60. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week; (b) whether

Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (c) whether Defendants calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio law were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio law; and (f) what amount of prejudgment interest is due to Ohio Rule 23 Class members due to overtime or other compensation that was withheld or otherwise not paid to them.

61. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**VI. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

62. All of the preceding paragraphs are realleged as if fully rewritten herein.

63. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

64. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

65. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

66. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

67. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendants did not include all additional remuneration in their regular rate of pay calculations for the purposes of overtime.

68. Defendants also violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because Named Plaintiff and other similarly situated employees performed off-the-clock work after normal business hours and/or on the weekends and therefore were not paid for all overtime hours worked in such workweeks.

69. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

70. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

71. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

72. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## SECOND CAUSE OF ACTION:
## O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. This claim is brought under the Ohio Wage Act.

75. Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

76. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

77. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under the Ohio Wage Act but were not paid the required

overtime wages for all of such time spent working because Defendants did not fully and properly calculate their regular rates of pay for purposes of calculating their overtime rate of pay.

78. Named Plaintiff and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under the Ohio Wage Act but were not paid the required overtime wages for all of such time spent working because Defendants failed to properly compensate Named Plaintiff and other similarly situated employees who performed off-the-clock work after normal business hours and/or on the weekends.

79. Named Plaintiff and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

80. Defendants' repeated and knowing failures to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Ohio Rule 23 Class Members were entitled.

81. For Defendants' violations of the Ohio Wage Act, by which Named Plaintiff and the Ohio Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the Ohio Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

84. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

85. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

86. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and the Ohio Wage Act, Defendants also violated the OPPA.

87. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

88. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

89. As a result of Defendants' willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## FOURTH CAUSE OF ACTION:
## UNPAID PTO – OHIO LAW

90. When Named Plaintiff's employment with Defendants ended in or around February of 2022, Named Plaintiff had accrued, but unused, vacation or paid-time-off ("PTO).

91. Defendants' handbook provides that employees will be paid for unused PTO upon termination of employment.

92. Defendants failed and refused to pay Named Plaintiff his accrued but unused PTO upon termination of his employment as required by Defendants' handbook and Ohio law.

93. In failing and refusing to pay Named Plaintiff his accrued but unused PTO upon the termination of his employment, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as to Counts I through IV, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Acts;

D. Finding Defendants failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H.    Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I.    Awarding to Named Plaintiff his accrued, unused PTO as required by Ohio law;

J.    Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.    Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
        agedling@mcoffmanlegal.com
        khendren@mcoffmanlegal.com

**CONTRERAS LAW, LLC**

*/s/ Peter Contreras*
Peter Contreras (0087530)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

```
```

<br/>

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman