IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEARL JOHNSON, *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:22-cv-3368 |
| v. | : | JUDGE SARAH D. MORRISON |
| DC SITE SERVICES, LLC, *et al.*, | : | MAGISTRATE JUDGE JOLSON |
| Defendants. | : | |

### JOINT MOTION OF PLAINTIFF AND DEFENDANTS TO APPROVE SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiff Pearl Johnson and Defendants DC Site Services, LLC ("DC Site Services") and Kevin Gerhardt (collectively referred to as "the Parties"), hereby jointly move this Court to approve their negotiated Settlement and Release Agreement, which is attached as Exhibit A and would fully resolve this lawsuit.  If this Court approves the Settlement and Release Agreement, the Parties further request that this Court enter an Order dismissing this matter with prejudice.  A Memorandum in Support is attached.

Respectfully submitted,

*/s/ Jeffrey A. Stankunas*
Jeffrey A. Stankunas (00724380)
jstankunas@isaacwiles.com Isaac
Wiles & Burkholder, LLC Two
Miranova Place, Ste 700
Columbus, Ohio 43215
**Attorneys for Defendants**


**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181

Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

**CONTRERAS LAW, LLC**

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
1550 Old Henderson Road,
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff Johnson*

**MEMORANDUM IN SUPPORT**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff was previously employed by DC Site Services. On or about September 7, 2022, Plaintiff filed a Complaint against Defendants alleging a violation of the Fair Labor Standards Act ("FLSA") as well as R.C. 4111.03 and R.C. 4113.15. (ECF No. 1 at Page ID # 1). The Complaint alleged that it was a Collective Action Complaint. (*Id*.) On March 3, 2023, the Plaintiff filed a First Amended Complaint which additionally included a claim for retaliation under the FLSA made by Plaintiff only. (ECF No. 5 at Page ID# 32, 39-42). On April 5, 2023, Defendants DC Sites Services filed an Answer, denying that they violated the FLSA or R.C. 4111.03 and R.C. 4113.15, and asserting various affirmative defenses. (ECF No. 14 at Page ID# 76-85). Defendants DC Site Services and Defendant Gerhardt filed an Amended Answer on April 19, 2023. (ECF No. 15 at Page ID# 86). This Court issued a Scheduling Order on May 2, 2023 which, among other things, set February 1, 2023 as the deadline for a motion for class certification. (ECF No. 18 at Page ID# 104). A mediation conference was then scheduled by this Court to take place on August 25, 2023, and was subsequently rescheduled to take place on September 8, 2023. (ECF No. 20 at Page ID# 108; ECF No. 21 at Page ID# 109). On September 8, 2023, a Mediator's Report was filed with this Court which noted that the case had settled. (ECF No. 22 at Page ID# 110).

While the Parties fundamentally disagree as to whether Plaintiff's rights were violated under the FLSA as set forth at 29 U.S.C. § 211, *et seq*., as well as under R.C. 4111.03 and R.C. 4113.15, the Parties have decided to resolve this matter through a negotiated settlement. This Motion and the attached Settlement and Release Agreement ("Settlement") represents the best compromise the Parties believe they will be able to reach to resolve this matter. The Settlement provides for a gross settlement in the amount of $33,000. Of the $33,000, Plaintiff will receive

3

$18,000, which represents 100% of his potential damages. The remaining $15,000 will be paid to Plaintiff's Counsel for all fees and costs. This payment represents a $6,747.91 reduction in their lodestar.

On September 28, 2023, the Parties filed a Joint Motion to Consent to the Jurisdiction of the Magistrate Judge for Settlement Proceedings. (ECF No. 24). The Court denied the Joint Motion the following day holding that the interests of judicial economy would not be advanced by the Joint Motion and that consenting to the Magistrate for settlement approval constituted judge shopping. (ECF No. 25). With appreciation for the Court's statement on the appearance of the Joint Motion, Plaintiffs respectfully note that the Joint Motion was not filed for purposes of judge shopping. Rather, the Joint Motion was filed because the case ultimately settled on smaller / individual basis instead of a collective basis as the case was initially filed.[1] The parties were attempting to be mindful of the Court's docket and believed the Joint Motion would alleviate the same. Plaintiff additionally notes that his undersigned counsel has filed numerous motions for settlement approval in collective action FLSA cases before the Court wherein no such motions were filed as the instant Joint Motion was simply an effort to streamline the approval of a single Plaintiff FLSA settlement. Moreover, the undersigned Plaintiff's counsel has filed similar consent motions for the review of FLSA settlement approval motions in other matters pending before other members of the Court.[2] See Exhibit B, Declaration of Contreras at ¶¶19-21; Declaration of Coffman at ¶¶19-22.

II.     **STANDARD OF REVIEW**

Generally speaking, an employee's claims under the FLSA cannot be waived and may

---

[1] Defendants issued payments to other potential opt-in plaintiffs representing 100% of their potential damages and it was determined that there were only 16 potential opt-in plaintiffs after the Complaint was filed.
[2] See McDaniel v. Recon Oilfield Services, Inc., Case No. 2:20-cv-04497, at (ECF No. 96) (Opinion & Order granting consolidation and the parties' consent to Magistrate Judge); Murrell v. Transamerica Agency Network, Inc., Case No. 2:20-cv-2559 at (ECF No. 11) (Order granting Joint Motion); Betts v. Central Ohio Gaming Ventures, LLC, Case No. 2:16-cv-373 at (ECF No. 68 (Order granting Joint Motion).

4

not be settled without supervision of either the Secretary of Labor or a district court. *Vigna v. Emery Fed. Credit Union,* No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *6 (S.D. Ohio Dec. 2, 2016); *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). This Court has previously held that "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 U.S. Dist. LEXIS 67887, at *2 (S.D. Ohio June 24, 2011) Importantly, this Court has stated that "[i]f a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

Some of the factors used by this Court to evaluate the fairness, reasonableness, and adequacy of an FLSA settlement are: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiffs' success on the merits; and (5) the public interest in the settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 U.S. Dist. LEXIS 129506, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 U.S. Dist. LEXIS 67887 at *8.

### III. ARGUMENT

#### A. The Settlement is a fair resolution of a bona fide dispute.

The Settlement negotiated by the Parties is a fair, reasonable, and adequate resolution of Plaintiffs' FLSA claims. *See* Exhibit B, Declaration of Contreras ("Contreras Dec.") at ¶¶22-29;

5

Declaration of Coffman ("Coffman Dec.") at ¶¶23-30. Each of the aforementioned factors considered by this Court and others within the Sixth Circuit weigh in favor of approving the Parties' negotiated Settlement.

First, there has been no fraud or collusion in this negotiated settlement. The Parties have disagreements with regards to the law's application in this case and explored their relative positions through voluntary production of records. All negotiations have been at arm's length. Only after a careful analysis of each side's position, including the Parties' analysis of the claimed damages, were the Parties able to reach an agreement. Accordingly, there is no evidence of fraud or collusion.

Second, the complexity, expense, and likely duration of this litigation weigh in favor of early resolution of this case. The Plaintiff has ultimately decided against filing a motion to represent a collection of individuals who worked for Defendant DC Site Services because Defendants voluntarily issued payments to the potential opt-in plaintiffs that represented 100% of the potential damages. *See* Exhibit B, Contreras Dec. at ¶13; Coffman Dec. at ¶13. Rather, Plaintiff is now merely pursuing his own claims for the alleged misapplication of the FLSA and the Ohio Revised Code, as well as his own claim of retaliation, which notably is not a claim that he has asserted on behalf of the collection of individuals who worked for DC Site Services. Moreover, Plaintiff has reviewed the records related to payments recently made to the collection of individuals who worked for DC Site Services, and Plaintiff has determined that his claims now differ from any claims that the collection of individuals could make. Accordingly, it is in the interest of all Parties to resolve this matter as quickly and efficiently as possible.

Third, the Parties have otherwise exchanged a significant amount of information and documents that either party would seek through discovery. Accordingly, through discovery the Parties have obtained the information necessary to engage in fully informed and good faith

settlement negotiations.

Fourth, given the Parties' likelihood of success, both Parties are better served through settlement of this matter. "'The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured.'" *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *9 (quoting *General Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1086 (6th Cir. 1984)). "The ultimate question is whether the plaintiffs are better served if the litigation is resolved by the settlement rather than pursued." *Id.* Here, Plaintiff will receive 100% of his potential damages that he would receive if he were to prevail on his claims in their entirety, but the Plaintiff understands that this Court or a jury may decide that Plaintiff does not prevail. In addition, Defendants issued payments to the potential opt-in plaintiffs representing 100% of their damages. Moreover, Plaintiff, through the Settlement, has obtained a release of any and all claims for which DC Sites Services may claim to have against Plaintiff (which necessarily includes any claims related to alleged theft of DC Site Services' property). Similarly, while Defendants are confident that they complied fully with the FLSA and the Ohio Revised Code, they are aware that this Court or a jury may disagree. Considering the risk inherent in their respective positions, all Parties are justified in their desire to compromise through settlement. *See Id.* at *9-10.

Fifth, counsel for both Parties, who are experienced in wage and hour litigation, believe that this Settlement is fair and reasonable. *See* Exhibit B, Declaration of Contreras at ¶¶22-29; Declaration of Coffman at ¶¶23-30. As noted by Judge Black when analyzing a proposed FLSA settlement, "Courts are particularly likely to defer to the judgment of experienced trial counsel where, as here, significant discovery has been completed." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *10. As previously discussed, experienced counsel for both Parties have sought and obtained the discovery necessary to evaluate each other's positions, and have competently

7

advised their clients as to the strengths and weaknesses of their cases. After reviewing the facts and law before them, the counsel for the Parties believe settlement is warranted in this case; and that the Settlement reached is fair, reasonable, and adequate. *See* Exhibit B, Declaration of Contreras at ¶¶22-29; Declaration of Coffman at ¶¶23-30.

Finally, as noted by several courts, public policy favors early resolution of claims. *See Vigna*, 2016 U.S. Dist. LEXIS 166605, at *9; *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *10. Public policy does not dictate otherwise in this case, where the Parties have engaged in good faith and arms-length settlement negotiations and believe they have reached a fair, reasonable, and adequate Settlement.

> B. **Plaintiff's counsel's fees are proper and reasonable.**

The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). Indeed, "[a]n award of attorneys' fees under the FLSA is *mandatory*, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, *3 (N.D. Ohio May 14, 1993) (*citing United Slate, Tile & Composition v. G & M Roofing,* 732 F.2d 495, 501 (6th Cir.1984)). There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable; thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Funk v. Airstream, Inc.*, No. 3:17-cv-260, 2019 WL 4599816 (S.D. Ohio Sept. 23, 2019) (Rice, J.) (awarding $171,663.01 in attorneys' fees and costs where $21,338.00 was awarded to the FLSA collective); *Brantingham v. Emergency Servs., Inc.*, No. 2:16-cv-1169,

8

2017 WL 5175866 (S.D. Ohio Nov. 8, 2017) (Deavers, M.J.) (awarding $35,586.97 in attorneys' fees and costs and $13,168.63 in damages to plaintiffs). The standard for reviewing a request for attorney's fees is reasonableness. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 249 (S.D. Ohio 1991).

In the instant case, and pursuant to the terms of the Settlement, Plaintiff's Counsel will receive payment in the total amount of $15,000.00 for their fees and costs advanced in this action, which is a reduced amount from counsel's fees and advanced expenses of $21,747.91. *See* Exhibit B, Declaration of Contreras at ¶¶33-34; Declaration of Coffman at ¶¶34-35.[3] Plaintiff will receive a combined total gross payment of $18,000.00, which, again, represents *100% of the damages* to which Plaintiff could recover if successful. Additionally, Plaintiff will receive a release of claims that Defendant DC Sites Services may have against the Plaintiff. Furthermore, Plaintiff's Counsel represented Plaintiff on a contingent basis. Accordingly, in light of the settlement achieved, the Parties request that the Court deem the attorneys' fees proper and reasonable.

IV. **CONCLUSION**

As each of these factors considered above weigh in favor of finding the settlement of this matter fair and reasonable, the Parties respectfully request this Court approve the Settlement (Ex. A) and enter a Dismissal Order[4] dismissing this case with prejudice, each side to otherwise bear their own attorney's fees and costs.

Respectfully submitted,

/s/ Jeffrey A. Stankunas
Jeffrey A. Stankunas (00724380)
jstankunas@isaacwiles.com Isaac
Wiles & Burkholder, LLC Two

---

[3] Plaintiff's counsel's fees and costs invoices are being submitted for *in camera* review.
[4] A proposed order is being filed herewith as Exhibit C.

          Miranova Place, Ste 700
          Columbus, Ohio 43215
          **Attorneys for Defendants**

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

**CONTRERAS LAW, LLC**

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Plaintiff Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Peter A. Contreras*
Peter Contreras (0087530)

4869-6837-9010.1