IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PEARL JOHNSON,**

    **Plaintiff,**        :

                        **Case No. 2:22-cv-3368**
  v.                   **Judge Sarah D. Morrison**
                        **Magistrate Judge Kimberly A.**
                        **Jolson**

**DC SITE SERVICES, LLC,** *et al.*,  :

    **Defendants.**

## STIPULATED ORDER GRANTING JOINT MOTION OF PLAINTIFF AND DEFENDANTS TO APPROVE SETTLEMENT AGREEMENT AND <u>RELEASE OF CLAIMS</u>

This matter is before the Court on the Parties' Joint Motion of Plaintiff and Defendants to Approve Settlement Agreement and Release of Claims. (ECF No. 26.) For the following reasons, the Joint Motion is **GRANTED**. The Agreement is **APPROVED**.

Plaintiff asserts that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and related Ohio laws by failing to pay him the proper overtime premium for all hours worked in excess of 40 each week. Plaintiff further asserts that Defendants retaliated against him after he filed this action.

Under the proposed Settlement and Release Agreement, Plaintiff agrees to dismiss the lawsuit with prejudice and to release all wage and hour claims through

the date of the Agreement's execution. Defendants, in turn, will pay $18,000 to Plaintiff and $15,000 to Plaintiff's counsel for Plaintiff's attorneys' fees and costs.

FLSA settlement agreements generally require approval by a district court or the United States Department of Labor. *See* 29 U.S.C. § 216; *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (Black, J.). "Before approving a settlement, a district court must conclude that it is 'fair, reasonable, and adequate.'" *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). *See also Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (applying same factors to FLSA collection action settlement, explaining that "[t]he need for the court to ensure that any settlement of [an FLSA] collective action treats the plaintiffs fairly is similar to the need for a court to determine that any [Rule 23] class-action settlement is 'fair, reasonable, and adequate.'"). Courts look to several factors when undertaking this inquiry: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id*.

Having reviewed the Agreement submitted to the Court as Exhibit A to the Joint Motion, as well as the pleadings and motions on file in this action, and for good cause established therein, the Court enters this Order approving the

Agreement. The Court finds that the Agreement resolves the disputes between the parties including those under the FLSA and resulted from arm's-length negotiations between counsel. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation and the stage of the proceedings; the amount, if any, offered in the Settlement; and the experience and views of counsel for the Parties.

For the foregoing reasons, the parties' Joint Motion is **GRANTED**. The Settlement and Release Agreement is **APPROVED**. The claims are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**